1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR ROBLES, | ) | 1:06cv0219 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | WITH LEAVE TO AMEND |
| v. | ) | |
| | ) | |
| DALE LEPPKE, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        Plaintiff, a prisoner proceeding pro se, filed the instant complaint on February 27, 2006,

pursuant to 42 U.S.C. § 1983.  Plaintiff names Madera Police Officers Dale Leppke and Daniel

Goodwin, and the Madera Police Department as Defendants.   Plaintiff is currently incarcerated

in the Madera County Jail.

### DISCUSSION

A.      Screening Standard

        Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the

complaint for sufficiency to state a claim.  The Court must dismiss a complaint or portion thereof

if the Court determines that the action is legally "frivolous or malicious," fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state

1

1  a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be

2  cured by amendment.

3         Fed. R. Civ. P. 8(a) provides:

4         A pleading which sets forth a claim for relief, whether an original claim, counterclaim,
          cross-claim, or third-party claim, shall contain (1) a short and plain statement of the

5         grounds upon which the court's jurisdiction depends, unless the court already has
          jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short

6         and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
          demand for judgment for the relief the pleader seeks. Relief in the alternative or of

7         several different types may be demanded.

8         A complaint must contain a short and plain statement as required by Fed. R. Civ. P.

9  8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

10 notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

11 Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of

12 particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

13 Although a complaint need not outline all elements of a claim, it must be possible to infer from

14 the allegations that all elements exist and that there is entitlement to relief under some viable

15 legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);

16 Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

17        In reviewing a complaint under this standard, the court must accept as true the allegations

18 of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740

19 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick

20 v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,

21 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22 B.    Plaintiff's Allegations

23        Plaintiff alleges that on July 12, 2002, he was "gunned down" by Madera Police Officers

24 Dale Leppke and Daniel Goodwin.  He alleges that he was fleeing the officers, but then

25 surrendered with his hands up in the air.  He was shot thirteen times in the back, shoulders, wrist

26 and leg.  He further alleges that once he was rendered immobile. Officer Leppke stunned him

27 with a taser gun.  He notes that he was charged with assault, but it is not clear if the charge

28 stemmed from the encounter with the officers or from another event.

1    For relief, Plaintiff requests a chance to present his case to the Court.  He wants the

2  officers to "admit to their wrongdoing and unjustifiable actions."  He also states that he wants the

3  "chance to prove [his] innocence" and "be vindicated of these false charges against [him].  To

4  this end, he wants to demonstrate that he did not "endanger or threaten these two police officers"

5  and that they are "covering up for their mishap and wrongdoing."

6  C.    Analysis

7    It is unclear from Plaintiff's complaint whether he is attempting to state an Eighth

8  Amendment claim against the Officers, who are named as Defendants, or if he is attempting to

9  challenge a conviction.  Given his allegations and his requests for relief, the complaint could be

10  interpreted either way.  His complaint therefore fails to satisfy the requirements of Federal Rule

11  of Civil Procedure 8(a).

12    Accordingly, Plaintiff will be granted the opportunity to amend his complaint so that his

13  claims are stated more clearly.  Plaintiff is forewarned that while an Eighth Amendment claim is

14  proper in a civil rights action such as this, a challenge to his conviction is not.  When a prisoner

15  challenges the legality or duration of his custody, or raises a constitutional challenge which could

16  entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v.

17  Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990).  Moreover,

18  when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983

19  plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged

20  by executive order, declared invalid by a state tribunal authorized to make such determination, or

21  called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."

22  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that

23  relationship to a conviction or sentence that has not been so invalidated is not cognizable under §

24  1983."  Id. at 488.

25    Plaintiff's complaint is therefore DISMISSED WITH LEAVE TO AMEND, to the extent

26  he wishes to file an Eighth Amendment claim.  Plaintiff shall file his amended complaint within

27  thirty (30) days of the date of service of this order.  If Plaintiff wishes to challenge his conviction,

28  he should file a petition for writ of habeas corpus.

3

1    Plaintiff is advised that the Court cannot refer to a prior pleading in order to make

2 Plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

3 be complete in itself without reference to any prior pleading.  This is because, as a general rule,

4 an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

5 Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any

6 function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

7 and the involvement of each defendant with respect to Plaintiff's alleged injuries must be

8 sufficiently alleged.

9    Plaintiff is further advised that failure to file an amended complaint consistent with this

10 order may result in dismissal of the action.

11

12    IT IS SO ORDERED.

13    **Dated:    October 31, 2006**                    **/s/ Dennis L. Beck**
   3b142a                                                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4