UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR ROBLES, | ) | 1:06cv0219 AWI DLB |
| | ) | |
| | ) | |
| | ) | ORDER DIRECTING PLAINTIFF |
| Plaintiff, | ) | TO SUBMIT USM-285 FORMS |
| | ) | |
| v. | ) | |
| | ) | |
| DALE LEPPKE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a prisoner proceeding pro se, filed the instant complaint on February 27, 2006, pursuant to 42 U.S.C. § 1983. On November 8, 2006, pursuant to Court order, Plaintiff filed his first amended complaint. Plaintiff names Madera Police Officers Dale Leppke and Daniel Goodwin, and the Madera Police Department, as Defendants. Plaintiff is currently incarcerated in the Madera County Jail.

DISCUSSION

A.  Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

1

§§ 1915A(b)(1)-(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Analysis

Plaintiff alleges that on July 12, 2002, Madera Police Officers Dale Leppke and Daniel Goodwin used excessive force against Plaintiff. Plaintiff alleges that he was shot thirteen times, and then tazered after he was rendered immobile.

The amended complaint appears to state a cause of action pursuant to 42 U.S.C. § 1983. Accordingly, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following Defendants:

   Madera Police Officer Dale Leppke

   Madera Police Officer Daniel Goodwin

   Madera Police Department

2. The Clerk of the Court shall send Plaintiff three USM-285 forms, three summonses, an instruction sheet and a copy of the amended complaint filed November 8, 2006.

3. Within THIRTY (30) DAYS from the date of this Order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

   a.   Three completed summonses;

   b.   One completed USM-285 form for each Defendant; and

   C.   Four copies of the endorsed amended complaint filed on November 8, 2006.

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this Order will result in a Recommendation that this action be dismissed.</u>

IT IS SO ORDERED.

Dated:   **December 8, 2006**              **/s/ Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE