# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ROBLES, | ) 1:06cv0219 AWI DLB |
| | ) |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION<br>) REGARDING DEFENDANT'S<br>) MOTION TO DISMISS |
| v. | ) |
| | ) (Document 21-1) |
| DALE LEPPKE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

Arthur Robles ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Madera Police Department ("MPD") filed the instant motion to dismiss on March 16, 2007. On April 10, 2007, the Honorable Anthony W. Ishii referred the motion to the undersigned for findings and recommendation to the District Court pursuant to Local Rule 302(c).

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed this civil rights action on February 27, 2006. Pursuant to the Court's order, he filed his first amended complaint on November 8, 2006. Plaintiff names Madera Police Officers Dale Leppke and Daniel Goodwin, and MPD, as Defendants. Plaintiff is currently incarcerated in Wasco State Prison.

1    In his first amended complaint, Plaintiff alleges that on July 10, 2002,[1] Officers Leppke
2 and Goodwin used excessive force against him when they shot him 13 times and then tazered
3 him while he was on his back and immobile.  He contends that the officers continued to use force
4 after he was gunned down.  He explains that the incident occurred when he was being pursued by
5 Madera Police Officers.  Plaintiff "intended to flee on foot in or about the area of an open field."
6 First Amended Complaint, at 3.

7    Plaintiff alleges that he suffered physical and emotional injuries during and following the
8 assault and requests that the Court compensate him for these injuries, award punitive damages,
9 and compensate him for future medical expenses.

10   MPD filed the instant motion to dismiss the first amended complaint for failure to state a
11 claim on March 16, 2007.[2]  MPD moves pursuant to Federal Rule of Civil Procedure 12(b)(6)
12 based on (1) the expiration of the applicable statute of limitations, and (2) the argument that
13 MPD cannot be held liable under a respondeat superior theory of liability.  Alternatively, MPD
14 moves to strike the punitive damages claim.

15   On May 23, 2007, pursuant to the Court's order to oppose the motion to dismiss, Plaintiff
16 filed his opposition.

## LEGAL STANDARD

18   In considering a motion to dismiss for failure to state a claim, the court must accept as
19 true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*,
20 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing
21 the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411,

---

[1] In his amended complaint, Plaintiff indicates that the alleged events occurred on July 10, 2002.  In his original complaint and in his opposition to MPD"s motion to dismiss, he indicates that the events occurred on July 12, 2002.  The exact date, whether the 10th or 12th of July, is not a decisive factor in the determination of this motion.  For ease of discussion and to afford Plaintiff every benefit of the doubt, the Court will use July 12, 2002, as the date of the alleged events.

[2] In its motion to dismiss, MPD indicates that the two individual defendants have not been properly served.  A return of service filed on May 21, 2007, for Officer Leppke indicates that MPD would not accept service and that no forwarding information was available.  A return of service has not been filed for Officer Goodwin.  The status of service of the individual officers, though, is not an issue.  As will be discussed below, the Court finds that the complaint was filed beyond the applicable statute of limitations and recommends that it be dismissed in its entirety.

421, *reh'g denied*, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).

## ANALYSIS

MPD contends that Plaintiff's excessive force complaint is untimely pursuant to the applicable statute of limitations. MPD argues that, at the latest, Plaintiff's complaint should have been filed by July 12, 2005. Instead, Plaintiff filed this action in February 2006.

Congress has provided no specific statute of limitations for section 1983 actions. Instead, state statutes of limitations apply in section 1983 cases unless the state laws are inconsistent with federal law. 42 U.S.C. § 1988. The Supreme Court has held that for purposes of selecting a statute of limitations, section 1983 actions are best characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985). The statute of limitations applicable to Plaintiff's claim is one year, as formerly set forth in California Code of Civil Procedure § 340(3).[3]

Federal law determines when a civil rights claim accrues. *See Elliott v. City of Union City*, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). In this instance, Plaintiff's claim accrued on July 12, 2002, when Officers Leppke and Goodwin allegedly used excessive force against him. Absent applicable tolling, he therefore had until July 12, 2003, to file the instant claim.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. *See*

---

[3] The current statute of limitations for personal injury actions in California is two years. The statute was revised in 2002 and set forth in Cal.Civ.Proc.Code § 335.1, which extends the limitations period from one year to two years, and has an effective date of January 1, 2003. The new statute does not, however, apply retroactively, except for victims of the September 11, 2001 terrorist attacks. *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir.2004);*Krupnick v. Duke Energy Morro Bay,* 115 Cal.App.4th 1026, 1028-29 (2004).

*Hardin v. Straub*, 490 U.S. 536, 539 (1989).  Pursuant to the California Code of Civil Procedure section 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in pertinent part, as follows:

> (a)  If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.  (emphasis added).

Giving Plaintiff the benefit of the doubt, MPD "assumes, without admitting," that he may have been incarcerated at the time of his alleged injury.  Mot. to Dismiss, at 4.  The Ninth Circuit has held that section 352.1 will toll the limitations period commencing with the plaintiff's arrest, where the plaintiff is held in continuous custody awaiting trial.  *Elliott v. City of Union City*, 25 F.3d 800, (9th Cir. 1994).  Based on Plaintiff's address, it appears that he is currently incarcerated, but he does not allege that he was incarcerated immediately following the alleged events nor does he state when his current incarceration began.

In any event, assuming for the purposes of this motion that Plaintiff has been continuously incarcerated since his alleged injury, and affording Plaintiff the most favorable construction of his pleading, the latest he could have filed this action would have been July 12, 2005.  Plaintiff filed his complaint seven months later, on February 27, 2006.  Plaintiff sets forth no basis for equitable tolling in either his amended complaint or opposition to this motion, and the Court therefore recommends that his amended complaint be dismissed for failure to state a claim for which relief can be granted.

**RECOMMENDATION**

Accordingly, it is HEREBY RECOMMENDED that MPD's motion to dismiss this action as time barred be GRANTED and that this action be dismissed in its entirety.

These Findings and Recommendations will be submitted to the Honorable Anthony W. Ishii, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 19, 2007**         /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE