# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR ROBLES, | ) | 1:06cv0219 AWI DLB |
| | ) | |
| Plaintiff, | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATION |
| v. | ) | |
| | ) | ORDER GRANTING MOTION TO DISMISS |
| DALE LEPPKE, et al., | ) | AND DISMISSING COMPLAINT |
| | ) | |
| Defendants. | ) | (Documents #21 & #29) |
| | ) | |

This is a civil rights action in which Plaintiff contends that Defendants violated his civil rights when they used his excessive force, including shooting him 13 times and tazering him when he was already immobile.  On June 19, 2007, the Magistrate Judge issued Findings and Recommendations that recommended the court grant Defendant Madera Police Department's motion to dismiss and dismiss this action for Plaintiff's failure to comply with the applicable statute of limitations.  The Findings and Recommendations were served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.  On July 5, 2007, Plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendation is supported by the record and proper analysis.

In the objections, Plaintiff contends that he was unable to timely file this lawsuit because he was inflicted with multiple gunshot wounds, which took a long time to heal, and he was under

1

psychiatric care during the limitations period.   Equitable tolling may be applied when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time.  <u>Stoll v. Runyon</u>, 165 F.3d 1238, 1242 (9th Cir. 1999).   Mental incapacity and the effect it has upon the ability to file a lawsuit is an "extraordinary circumstance" beyond a plaintiff's control.  <u>Id</u>.   The objections' allegations alone are insufficient to establish a valid claim for equitable tolling because they are vague and unsupported by any medical diagnosis or other evidence showing Plaintiff's mental or medical state during the limitation period.  <u>See</u> <u>Grant v. McDonnell Douglas Corp.</u>, 163 F.3d 1136, 1138 (9th Cir. 1998) (holding letter from psychologist inadequate basis for equitable tolling); <u>Stoll v. Runyon</u>, 165 F.3d 1238, 1242 (9th Cir. 1999) (stating that equitable tolling is proper where "overwhelming evidence" demonstrates that complainant was completely disabled during the limitations period).

      Regardless, Plaintiff *did not* raise the issue of equitable tolling or his inability to timely file this action because of a physical or mental impairment in his opposition to the motion to dismiss.   These allegations were raised for the first time in the objections.   A new theory cannot properly be raised in objections to Findings and Recommendations.  <u>Greenhow v. Secretary of HHS</u>, 863 F.2d 633, 638-39 (9th Cir. 1988), *overruled on other grounds by* <u>United States v. Hardesty</u>, 977 F.2d 1347 (9th Cir.1992).   Factual assertions that which could have been but were not presented to the Magistrate Judge should be given no consideration when the court is deciding whether to adopt Findings and Recommendations  <u>Sundaram v. County of Santa Barbara</u>, 2001 WL 540515, *1 (C.D.Cal. 2001); <u>Beam System, Inc. v. Checkpoint Systems, Inc.</u>, 1997 WL 423113, *9 n.9 (C.D.Cal. 1997).  "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." <u>Greenhow</u>, 863 F.2d at 638.   Accordingly, the objections do not provide a basis to differ from the recommendation made by the Magistrate Judge.

//

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued June 19, 2007, is ADOPTED IN FULL; and
2. Madera Police Department's Motion to Dismiss the action as time barred is GRANTED.  The action is DISMISSED.  This terminates this action in its entirety.

IT IS SO ORDERED.

**Dated:   August 27, 2007**              /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE